RECEIPT # [illegible]
AMOUNT $_____
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY CLK ____
DATE ____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

LINDA EDGE,                              )
    Plaintiff,                        )
                                          )
v.                                        )
                                          )
BAYSTATE CONSTABLE, INC. d/b/a BAYSTATE  )
CONSTABLES, INC. and BAYSTATE CONSTABLES,)
CONSTANCE SORENSON, JANE ROE and          )
JOHN DOES 1-10,                           )
    Defendants.                       )

**05　10100 JLT**

## COMPLAINT

MAGISTRATE JUDGE Collings

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for Defendants' conversion of Plaintiff's vehicle.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

### PARTIES

3. Plaintiff, Linda Edge, is a natural person residing in Boston, Massachusetts.

4. Defendant Baystate Constable, Inc. d/b/a Baystate Constables, Inc. and Baystate Constables (hereafter "Baystate") is a Massachusetts corporation with a place of business at 6 Courthouse Lane, Chelmsford, Massachusetts.

5. During January 2004, Baystate's place of business was located at 114R

Cambridge Street, Burlington, Massachusetts.

6. Defendant Baystate uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or due or asserted to be owed or due others.

7. Defendant Baystate is a debt collector as that term is defined in FDCPA § 1692a(6).

8. Baystate is required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

9. On information and belief, Baystate is not licensed in the Commonwealth of Massachusetts as a debt collector with the Massachusetts Division of Banks.

10. Baystate at all relevant times was not, and, because it is a corporation, could not be, a constable of the City of Boston nor of the Town of Burlington.

11. Defendant Constance Sorenson (hereafter "Sorenson") is a natural person residing in Burlington, Massachusetts and is the President, Treasurer and Secretary of Baystate.

12. On information and belief, at all relevant times Sorenson was not a constable of the City of Boston nor of the Town of Burlington.

13. Sorenson uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or due or asserted to be owed or due others

14. Sorenson is a debt collector as that term is defined in FDCPA § 1692a(6).

15. On information and belief, Sorenson is the sole officer, director and stockholder of Baystate.

16. On information and belief, Sorenson determines, directs and implements the

policies and procedures used by Baystate, including those described below.

17. On information and belief, there is unity of interest and ownership between Baystate and Sorenson such that they are essentially the same personality and Baystate is the alter ego of Sorenson.

18. On information and belief, Baystate is insufficiently capitalized for purposes of its corporate undertaking and has been operated in such a manner.

19. On information and belief, Baystate has not observed corporate formalities and fails to keep sufficient corporate records.

20. On information and belief, Sorenson pervasively controls Baystate for her personal benefit and siphons corporate funds to her own benefit.

21. Sorenson uses Baystate in promoting the fraudulent activities described below.

22. Honoring the corporate separateness of Baystate would promote fraud or create injustice and justice requires disregarding the corporate form of Baystate.

23. On information and belief, Defendant Jane Roe was at all relevant times an agent and/or employee of Baystate acting within the scope of her employment and/or agency. Plaintiff does not know who she is.

24. On information and belief, at all relevant times, Jane Roe used instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which was the collection of debts and/or regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and was a debt collector as that term is defined in FDCPA § 1692a(6).

25. Defendants John Does 1-10 are other natural or artificial persons that were involved in the seizing of Plaintiff's vehicle described below. Plaintiff does not know who they

are.

26. At all relevant times, John Does 1-10 were agents or employees of Baystate acting within the scope of their agency or employment.

27. On information and belief, at all relevant times, John Does 1-10 regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and were debt collectors as that term is defined in FDCPA § 1692a(6).

## FACTUAL ALLEGATIONS

28. On information and belief, on or about January 15 or 16, 2004, Plaintiff's 2003 Dodge Caravan was towed from the street in front of her home in Boston.

29. On information and belief, Always Open Towing, Inc. d/b/a Always Open Service (hereafter "Always Open"), accompanied by Defendants John Does 1-10, towed Plaintiff's vehicle at the request of Defendant Baystate.

30. On information and belief, Baystate seized Plaintiff's vehicle at the request of Commonwealth Receivables, Inc. (hereafter "Commonwealth Receivables"), allegedly pursuant to an execution issued on a judgment against her.

31. At that time, there was a default judgment for $2,019.00 against Plaintiff in favor of Commonwealth Receivables on which Plaintiff had paid $240.00. On or about August 12, 2004 that judgment was vacated and Commonwealth Receivables' action was dismissed with prejudice.

32. At no time was Plaintiff served with nor did Plaintiff receive any documents indicating that her vehicle had been seized pursuant to a valid execution by an officer authorized by law to execute on a judgment.

33. When Plaintiff telephoned Baystate, Defendant Jane Roe initially told her that she

4

would have to pay $2,000.00 to get her vehicle back or pay $1,300.00 and promise to make payments of $75.00 per month toward the small claims court judgment debt to Commonwealth Receivables.

34. Jane Roe also told Plaintiff that she had to pay a "sheriff's fee" of $800.00.

35. Jane Roe and Baystate ultimately agreed to release Plaintiff's vehicle when Plaintiff paid Baystate $900.00 and agreed to pay $50.00 per month to Commonwealth Receivables. A copy of this agreement is attached hereto as **Exhibit 1**.

36. In order to make the payment to Baystate, Plaintiff had to borrow a car to drive to Baystate's office in Burlington.

37. On information and belief, Baystate kept $800.00 of Plaintiff's $900.00 payment and applied $100.00 to Commonwealth Receivables' judgment against Plaintiff.

38. When Plaintiff paid the $900.00 to Baystate, she received a receipt for payment from Baystate that described Defendant Baystate as "Constables Office." A copy of this receipt is attached hereto as **Exhibit 2**.

39. **Exhibit 2** states that the "Amount of Account" was $2,737.54 and that, after payment of the $900.00, there was a "Balance Due" of $1,837.54.

40. After Plaintiff had paid Baystate $900.00 she had to drive back to Boston to retrieve her vehicle from Always Open in Boston.

41. Plaintiff had to pay Always Open an additional $115.00 for "towing" before Always Open would release her vehicle A copy of the receipt for this payment is attached hereto as **Exhibit 3**.

## COUNT I - FDCPA

42. Plaintiff realleges paragraphs 1 - 41 above.

43. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. False and misleading representations or implications that Defendants are vouched for, bonded by or affiliated with the Commonwealth of Massachusetts or the City of Boston, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

    b. False and misleading representations or implications that Defendants are connected with a sheriff's office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

    c. False and misleading representations or implications that Defendants are constables and/or a constable office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

    d. False and misleading representations as to the amount of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

    e. False and misleading representations as to services rendered or compensation which may be lawfully received for the collection of a debt, in violation of FDCPA §§ 1692e, 1692e(2)(B) and 1692e(10);

    f. Use of a written communication which is falsely represented to be a document authorized, issued, or approved by any court or official of the Commonwealth of Massachusetts, the City of Boston or the Town of Burlington or which creates a false impression as to its source, authorization, or approval, in violation of FDCPA §§ 1692e, 1692e(9) and 1692e(10);

    g. False and misleading representations and implications that Defendants are entitled to seize or request seizure or hold or request holding of Plaintiff's vehicle, in

violation of FDCPA §§ 1692e and 1692e(10);

h. False and misleading representations and implications that Defendants are entitled to collect any amount for the seizure or holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

i. False and misleading representations and implications that Defendants are entitled to collect the amount it collected for the seizure and holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

j. False and misleading representations and implications that Defendants are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA §§ 1692e and 1692e(10);

k. Collection of an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of FDCPA §§ 1692f and 1692f(1);

l. Failure to send Plaintiff a written notice containing the information required by FDCPA § 1692g;

m. Use of any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA § 1692d;

n. Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

o. Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

### COUNT II - CONVERSION.

44. Plaintiff realleges paragraphs 1 - 43 above.

7

45. On information and belief, Defendants had no right to seize or hold Plaintiff's vehicle.

46. Defendants had no right to require Plaintiff to pay them $800.00 for the return of her vehicle.

47. Defendants converted Plaintiff's vehicle from her when they seized it and held it until Plaintiff paid them $800.00.

## PLAINTIFF'S DAMAGES

48. As a result of Defendants' conversion of Plaintiff's vehicle and violations of the FDCPA described above, the Plaintiff suffered actual damages, including payments to Baystate and Always Open, loss of use of her vehicle, lost time at work and emotional distress.

49. Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

50. Plaintiff is entitled to her actual damages for Defendants' conversion of Plaintiff's vehicle.

51. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

52. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages;

B. Enter judgment for the Plaintiff and against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C.

8

§ 1692k(a)(3);

D.  Grant such other and further relief as may be just and proper.

*[signature]*
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

*[signature]*
Yvonne W. Rosmarin

9

Jan 16 04 11:44a    Commonwealth Receivables    5087886938    p.3

# Commonwealth Receivables, Inc.
po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

530404

LINDA FLINT
18 MOUNT EVERETT ST # 1
DORCHESTER MA 02125

Re:  Confirmation of Payment Agreement                                January 16, 2004
     First Card Visa #4250-4325-8160-8
     Our File #C- 530404        Current Balance: $1943.33

Dear Linda Flint:

This letter is to confirm that an agreement for payment has been reached on the above-referenced matter.

Specifically, the account holder agrees to pay this account with payments of $50.00 due monthly, commencing February 16, 2004.

JMC  65

Checks or certified funds must be made payable to **COMMONWEALTH RECEIVABLES** and sent to the above-referenced address to ensure proper crediting. *This office will send monthly statements.*

Upon final payment, this office (assigned owner of the above-referenced account) will cease its collection actions and will dismiss any civil action (if applicable) against the defendant relative to this matter.

Furthermore, in the event that payments in accordance with this agreement are not timely received, this office reserves any and all rights against the account debtor(s).

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Thank you for your attention to this matter.

Sincerely,

C. Goldstone

Chad Goldstone
Legal Coordinator

119

**EXHIBIT 1**



EXHIBIT 2

**ALWAYS OPEN SERVICE**  N.º **19704**
18 TALBOT AVE., DORCHESTER, MA 02124
TEL. (617) 288-3181

Yr. **03** Make **Dodge** Model **Caravan** Color **Gray**
VIN **1D4GP25B73B333288**
Reg. No. **8927 WH** State **MA** Keys Y N
Name **FLINT LINDA M** Claim Check Y N
Address **18 MT EVERETT ST APT**
City **DORCHESTER** State **MA** Zip **02125**
I.D. No. **031562086** Tel. # **(617) 924-0260**

Owner Signature _____ Date _____
Insurance Co. _____ Tel. # _____ Date _____
Adjuster _____ Tel. # _____ Date _____
Salvage Co. _____ Tel. # _____ Date _____
Remarks _____
Veh. Cond. _____
Missing _____
Who Ordered Tow **BSC** Called Into **422127**
Reason **Seizure** Towed By **RE**
From **Mt Everett St** To _____
Date **1/15/04** Time _____
Tow _____
Storage _____ Days @ _____
Other Charges _____
Released By **AG** Date **1/16/04**
Picked Up By **Linda Flint** TOTAL **115.00**

**EXHIBIT 3**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

LINDA EDGE,
    Plaintiff

## DEFENDANTS

BAYSTATE CONSTABLE, INC. d/b/a BAYSTATE CONSTABLES, INC. and BAYSTATE CONSTABLES, CONSTANCE SORENSON, JANE ROE and JOHN DOES 1-10,
    Defendants

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Yvonne W. Rosmarin
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474    781-648-4040

ATTORNEYS (IF KNOWN)

05 10100 JLT

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury- Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders, Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

**DEMAND $**

Check YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY    JUDGE _____  DOCKET NUMBER _____

DATE  1/13/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Linda Edge v. Baystate Constable, Inc. d/b/a Baystate Constables, Inc. and Baystate Constables

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMZERED NATURE OF SUIT CODE LISI ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X   II.    195, 369, 400, 440, 441-444, 540, 550, 625. 710, 720, 730, 740, 790, 791, 820, 830. 840. 850, 890, 892-894, 895, 950.

    ___ III.   110, 120, 130.140, 151, 190, 210, 230, 240, 245, 290.310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875. 900.

    ___ V.    150, 152, 153.

    05 10100 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES No ___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A ___ OR WESTERN SECTION N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME       Yvonne W. Rosmarin
ADDRESS       Law Office of Yvonne W. Rosmarin, 58 Medford Street, Arlington, MA 02474
TELEPHONE NO.       781-648-4040

(Category.frm - 09/92)