**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LINDA EDGE, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>BAYSTATE CONSTABLE, INC. d/b/a BAYSTATE )<br>CONSTABLES, INC. and BAYSTATE CONSTABLES, )<br>CONSTANCE SORENSON, JANE ROE and )<br>JOHN DOES 1-10, )<br>      Defendants. ) | No. 05-10100 JLT |

## AMENDED COMPLAINT

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter "FDCPA");

the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the Massachusetts Banking

Commissioner's and Massachusetts Attorney General's Regulations promulgated thereunder, 209

C.M.R. 18.00 and 940 C.M.R. 7.00, respectively; and the Massachusetts Consumer Protection Act,

M.G.L. ch. 93A and the Attorney General's General Regulations promulgated thereunder, 940 C.M.R.

3.00, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and for

Defendants' conversion of Plaintiff's vehicle.

### JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331

and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

### PARTIES

3.      Plaintiff, Linda Edge, is a natural person residing in Boston, Massachusetts.

4.      Defendant Baystate Constable, Inc. d/b/a Baystate Constables, Inc. and Baystate Constables (hereafter "Baystate") is a Massachusetts corporation with a place of business at 6 Courthouse Lane, Chelmsford, Massachusetts.

5.      During January 2004, Baystate's place of business was located at 114R Cambridge Street, Burlington, Massachusetts.

6.      Defendant Baystate uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts and/or regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

7.       Defendant Baystate is a debt collector as that term is defined in FDCPA § 1692a(6).

8.      On information and belief, at all relevant times, Baystate was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

9.      On information and belief, at all relevant times, Baystate was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

10.     Baystate at all relevant times was not, and, because it is a corporation, could not be, a constable of the City of Boston nor of the Town of Burlington.

11.     Defendant Constance Sorenson (hereafter "Sorenson") is a natural person and is the President, Treasurer, Secretary and sole Director of Baystate.

12.     On information and belief, at all relevant times Sorenson was not a constable of the City of Boston nor of the Town of Burlington.

13.     Sorenson uses instrumentalities of interstate commerce or the mails in a business in

2

Massachusetts the principal purpose of which is the collection of consumer debts and/or regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

14.     Sorenson is a debt collector as that term is defined in FDCPA § 1692a(6).

15.     On information and belief, at all relevant times, Sorenson was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

16.     On information and belief, at all relevant times, Sorenson was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

17.     On information and belief, Sorenson is the sole officer, director and stockholder of Baystate.

18.     On information and belief, Sorenson determines, directs and implements the policies and procedures used by Baystate, including those described below.

19.     On information and belief, there is unity of interest and ownership between Baystate and Sorenson such that they are essentially the same personality and Baystate is the alter ego of Sorenson.

20.     On information and belief, Baystate is insufficiently capitalized for purposes of its corporate undertaking and has been operated in such a manner.

21.     On information and belief, Baystate has not observed corporate formalities and fails to keep sufficient corporate records.

22.     On information and belief, Sorenson pervasively controls Baystate for her personal benefit and siphons corporate funds to her own benefit.

23.     Sorenson uses Baystate in promoting the fraudulent activities described below.

24.     Honoring the corporate separateness of Baystate would promote fraud or create injustice and justice requires disregarding the corporate form of Baystate.

25.     Defendants represent to the public, through information listed with the Massachusetts Secretary of the Commonwealth, that Defendant Sorenson's address is 621 Arboretum Way, Burlington, Massachusetts.

26.     In fact, on information and belief, Sorenson no longer resides at that address.

27.     On information and belief, Defendant Jane Roe was at all relevant times an agent and/or employee of Baystate acting within the scope of her employment and/or agency.  Plaintiff does not know who she is.

28.     On information and belief, at all relevant times, Jane Roe used instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which was the collection of debts and/or regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and was a debt collector as that term is defined in FDCPA § 1692a(6).

29.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the seizing of Plaintiff's vehicle described below.  Plaintiff does not know who they are.

30.     At all relevant times, John Does 1-10 were agents or employees of Baystate acting within the scope of their agency or employment.

31.     On information and belief, at all relevant times, John Does 1-10 regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and were debt collectors as that term is defined in FDCPA § 1692a(6).

## FACTUAL ALLEGATIONS

32.     On information and belief, on or about January 15 or 16, 2004, unknown to Plaintiff,

Plaintiff's 2003 Dodge Caravan was seized from the street in front of her home in Boston.

33.    On information and belief, Always Open Towing, Inc. d/b/a Always Open Service (hereafter "Always Open"), accompanied by Defendants John Does 1-10, seized Plaintiff's vehicle at the request of Defendant Baystate.

34.    On information and belief, Always Open was an agent of Baystate and was at all relevant times acting within the scope of that agency.

35.    On information and belief Baystate seized Plaintiff's vehicle at the request of Commonwealth Receivables, Inc. (hereafter "Commonwealth Receivables"), allegedly pursuant to an execution issued on a judgment against Plaintiff.

36.    At that time, a default judgment for $2,019.00 had been entered against Plaintiff in the Small Claims Session of the Boston Municipal Court in favor of Commonwealth Receivables on which Plaintiff had paid $240.00.  On or about August 12, 2004 that judgment was vacated and Commonwealth Receivables' action was dismissed with prejudice.

37.    At no time was Plaintiff served with nor did Plaintiff receive any documents indicating that her vehicle had been seized pursuant to a valid execution by an officer authorized by law to execute on a judgment.

38.    On information and belief, at no time had Commonwealth Receivables obtained any special order of the court awarding it post-judgment costs against Plaintiff.

39.    When Plaintiff telephoned Baystate, Defendant Jane Roe initially told her that she would have to pay $2,000.00 to get her vehicle back or, alternatively, pay $1,300.00 and promise to make payments of $75.00 per month toward the small claims court judgment debt to Commonwealth Receivables.

40.    Jane Roe also told Plaintiff that she had to pay a "sheriff's fee" of $800.00.

41.    Jane Roe and Baystate ultimately agreed to release Plaintiff's vehicle when Plaintiff paid Baystate $900.00 and agreed to pay $50.00 per month to Commonwealth Receivables.  A copy of this agreement is attached hereto as **Exhibit 1**.

42.    In order to make the payment to Baystate, Plaintiff had to borrow a car to drive to Baystate's office in Burlington.

43.    On information and belief, Baystate kept $800.00 of Plaintiff's $900.00 payment and applied $100.00 to Commonwealth Receivables' judgment against Plaintiff.

44.    When Plaintiff paid the $900.00 to Baystate, she received a receipt for payment from Baystate that described Defendant Baystate as "Constables Office."   A copy of this receipt is attached hereto as **Exhibit 2**.

45.    **Exhibit 2** states that the "Amount of Account" was $2,737.54 and that, after payment of the $900.00, there was a "Balance Due" of $1,837.54.

46.    After Plaintiff had paid Baystate $900.00 she had to drive back to Boston to retrieve her vehicle from Always Open in Boston.

47.    Plaintiff had to pay Always Open an additional $115.00 for "towing" before Always Open would release her vehicle  A copy of the receipt for this payment is attached hereto as **Exhibit 3**.

## COUNT I - FDCPA

48.    Plaintiff realleges paragraphs 1 - 47 above.

49.    Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

50.    Defendants have violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

A. False and misleading representations or implications that Defendants are vouched for, bonded by or affiliated with the Commonwealth of Massachusetts or the City of Boston, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

B. False and misleading representations or implications that Defendants are connected with a sheriff's office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

C. False and misleading representations or implications that Defendants are constables and/or a constable office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

D. False and misleading representations as to the amount of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

E. False and misleading representations as to services rendered or compensation which may be lawfully received for the collection of a debt, in violation of FDCPA §§ 1692e, 1692e(2)(B) and 1692e(10);

F. Representing or implying that nonpayment of a debt will result in the sale of Plaintiff's vehicle when such action was unlawful or not intended, in violation of FDCPA § 1692e, 1692e(4) and 1692e(10);

G. Use of a written communication which is falsely represented to be a document authorized, issued, or approved by any court or official of the Commonwealth of Massachusetts, the City of Boston or the Town of Burlington or which creates a false impression as to its source, authorization, or approval, in violation of FDCPA §§ 1692e, 1692e(9) and 1692e(10);

H. False and misleading representations and implications that Defendants are

entitled to seize or request seizure or hold or request holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

I.      False and misleading representations and implications that Defendants are entitled to collect any amount for the seizure or holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

J.      False and misleading representations and implications that Defendants are entitled to collect the amount they collected for the seizure and holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

K.      False and misleading representations and implications that Defendants are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA §§ 1692e and 1692e(10);

L.      Failing to clearly disclose the information required by FDCPA § 1692e and 1692e (11);

M.      Collection of an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of FDCPA §§ 1692f and 1692f(1);

N.      Failure to send Plaintiff a written notice containing the information required by FDCPA § 1692g;

O.      Use of any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA § 1692d;

P.      Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

Q.      Use of unfair or unconscionable means to collect or attempt to collect the

alleged debt, in violation of FDCPA § 1692f.

### COUNT II - MASSACHUSETTS DEBT COLLECTION ACT.

51.     Plaintiff realleges paragraphs 1 - 50 above.

52.     Defendants are debt collectors and, at all relevant times were collection agencies, as those term are and were defined in M.G.L. ch. 93 § 24 and 209 C.M.R. 18.03.

53.     On information and belief, at all relevant times, Defendants were assignees of the judgment debt, which they were attempting to collect.

54.     By their actions and conduct described above, Defendants have failed to comply with and thereby violated the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Massachusetts debt collection laws, M.G.L. ch. 93 §§ 24-49, and regulations promulgated thereunder, including but not limited to: M.G.L. ch. 93 § 24 and 49; 209 C.M.R. §§ 18.04, 18.07, 18.15(1)(i) and 18.18(3), (2), (5), (6) and (9); 940 C.M.R. 7.04(i) and 7.07(3), (2), (5) and (6); thereby violating M.G.L. ch. 93A § 2.

55.     Plaintiff has demanded relief from Defendant pursuant to M.G.L. ch. 93A § 9(3). Defendant provided no relief to the plaintiff.  Plaintiff's demand is attached hereto as **Exhibit 4**.

56.     The conduct of the Defendant described above constituted a willful and knowing violation of the Massachusetts debt collection laws and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

### COUNT III - MASSACHUSETTS CONSUMER PROTECTION ACT.

57.     Plaintiff realleges paragraphs 1 - 56 above.

58.     The actions and conduct of Defendant described above constitute unfair and deceptive acts and practices under the Massachusetts Consumer Protection Act, in violation of  M.G.L. ch. 93A

§ 2 and 940 CMR 3.16(1), (3) and (4).

## COUNT IV - CONVERSION.

59.     Plaintiff realleges paragraphs 1 - 58 above.

60.     On information and belief, Defendants had no right to seize or hold Plaintiff's vehicle.

61.     Defendants had no right to require Plaintiff to pay them $800.00 for the return of her vehicle.

62.     Defendants converted Plaintiff's vehicle from her when they seized it and held it until Plaintiff paid them $800.00.

## PLAINTIFF'S DAMAGES

63.     As a result of Defendants' violations of the FDCPA and Massachusetts laws and of Defendants' conversion of Plaintiff's vehicle described above, the Plaintiff suffered actual damages, including payments to Baystate and Always Open, loss of use of her vehicle, lost time at work and emotional distress.

64.     Defendants intended to cause Plaintiff emotional distress by its actions and conduct described herein.

65.     Plaintiff is entitled to her actual damages, an award of statutory damages, costs and attorney's fees pursuant to FDCPA § 1692k.

66.     Plaintiff is also entitled to three times her actual damages plus costs and attorney's fees pursuant to M.G.L. ch. 93A § 9(3) and (4).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages;

B.     Enter judgment for the Plaintiff and against Defendants for statutory damages pursuant

       to 15 U.S.C. § 1692k;

C.     Enter judgment for the Plaintiff against Defendant pursuant to M.G.L. ch. 93A § 9(3) in

       the amount of three times her actual damages;

D.     Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §

       1692k(a)(3) and M.G.L. ch. 93A § 9(4); and

E.     Grant such other and further relief as may be just and proper.


            Linda Edge, Plaintiff
            by her Attorney,

            s/Yvonne W. Rosmarin
            Yvonne W. Rosmarin  BBO #566428
            Law Office of Yvonne W. Rosmarin
            58 Medford Street
            Arlington, MA 02474
            781-648-4040


## JURY DEMAND


Plaintiff demands trial by jury.

            s/Yvonne W. Rosmarin
            Yvonne W. Rosmarin

# *Commonwealth Receivables, Inc.*

## po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

530404 .

LINDA FLINT
18 MOUNT EVERETT ST # 1
DORCHESTER  MA 02125

January 16, 2004

Re:    Confirmation of Payment Agreement
       First Card Visa #4250-4325-8160-8
       Our File #C- 530404 _____    Current Balance: $1943.33

Dear Linda Flint:

This letter is to confirm that an agreement for payment has been reached on the above-referenced  matter.

Specifically, the account holder agrees to pay this account with  payments of **$50.00** due monthly, commencing February 26, 2004.

~~June   65,~~

~~Checks~~ or certified funds must be made payable to **COMMONWEALTH RECEIVABLES** and sent to the above-referenced address to ensure proper crediting. *This office will send monthly statements*.

Upon final payment, this office  (assigned owner of the above-referenced account) will cease its collection actions and will dismiss any civil action (if applicable) against the defendant relative to this matter.

Furthermore, in the event that payments in accordance with this agreement are not timely received, this office reserves any and all rights against the account debtor(s).

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Thank you for your attention to this matter.

Sincerely,

*C. Goldstone*

Chad Goldstone
Legal Coordinator

119

**EXHIBIT 1**



RECEIPT

**CONSTABLES OFFICE**
BURLINGTON, MA 01803
(781) 238-4494

4386

DATE 1/16/04

RECEIVED FROM Linda Flint          $ 900.00

Nine Hundred dollars ———— DOLLARS

FOR Case # 4254 filet 530copy Constable Fees + Partial Judgment

| AMOUNT OF ACCOUNT | 2737.54 | ☒ CASH |
| THIS PAYMENT | 900.00 | ☐ CHECK |
| BALANCE DUE | 1837.54 | ☐ M.O. |

BY _____

**THANK YOU**

**EXHIBIT 2**



**ALWAYS OPEN SERVICE**    Nº 19704

18 TALBOT AVE., DORCHESTER, MA 02124
TEL. (617) 288-3181

Yr. _03_ Make _Dodge_ Model _Caravan_ Color _Gray_

VIN _1 D 4 G P 2 5 3 7 3 B 3 3 3 2 8 8_

Reg. No. _8927 WH_ State _MA_ Keys Y N

Name _FLINT LINDA M_ Claim Check Y N

Address _18 MT EVERETT ST APT_

City _DORCHESTER_ State _MA_ Zip _02125_

I.D. No. _031562086_ Tel. # ( _617_ ) _929·0260_

Owner Signature _____ Date _____

Insurance Co. _____ Tel. # _____ Date _____

Adjuster _____ Tel. # _____ Date _____

Salvage Co. _____ Tel. # _____ Date _____

Remarks _____

Veh. Cond. _____

Missing _____

Who Ordered Tow _BSC_ Called Into _422,127_

Reason _Seizure_ Towed By _RE_

From _Mt Everett St_ To _____

Date _1/15/0?_ Time _____

Tow _____

Storage _____ Days @ _____ ........ _____

Other Charges ...... _____

Released By _AG_ Date _1/16/04_

Picked Up By _Linda Flint_ TOTAL _150 0_

**EXHIBIT 3**

**Yvonne W. Rosmarin**
Attorney at Law

ConsumerProtection

58 Medford Street
Arlington, MA 02474

**Certified Mail - Return Requested**

March 8, 2005

Ms. Constance Sorenson
Baystate Constables, Inc.
119 Drumhill Road
PMB #369
Chelmsford, MA 01824

Re:    Linda Flint Edge

Dear Sir/Madam:

This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on behalf of my client, Linda Flint Edge of 38 Julian Street, Boston, Massachusetts. This letter is submitted for purposes of confidential settlement negotiations only and, pursuant to Fed. R. Evid. 408, is not admissible to prove liability for or invalidity of the claim or its amount.

Ms. Edge has suffered damages as a direct result of your unfair and deceptive practices in collecting a judgment debt. This conduct violates M.G.L. ch. 93A § 2; the state debt collection laws, M.G.L. ch. 93 §§ 24-28, 49; the Banking Commissioner's debt collection regulations, 209 CMR 18.00; the Massachusetts Attorney General's debt collection regulations, 940 CMR 7.00, and General Regulations, 940 CMR 3.00; and other applicable laws. The following outline describes these violations of law and provides you with an opportunity to settle this matter. Although not all-inclusive, the following summary is more than sufficient to demonstrate the violations of law in which you have engaged.

On or about January 15 or 16, 2004, you caused my client's new 2003 Dodge Caravan to be seized, ostensibly pursuant to an execution in a small claims court action. You at first demanded that my client pay you either $2,000.00 or pay $1,300.00 and promise to make payments of $75.00 per month toward the small claims court judgment debt in order to get her vehicle. You ultimately required Ms. Edge to pay you $900.00 in cash and an additional $115.00 to the towing company for the return of her vehicle. You applied $100.00 toward the small claims judgment you purported to be collecting on and kept $800.00, which you told my client was a "sheriff's fee."

The receipt you issued my client for payment describes yourself as a "Constables Office." The receipt further states that my client owed $2,737.54 on that date and that, after payment to you of the $900.00 she had a "balance due" of $1,837.54. In fact the judgment against Ms. Edge was for only $2,019.00 of which she had already paid $240.00, leaving a balance of no more than

Tel 781-648-4040 ● Fax 781-643-6164 ● YRosmarin@abanet.org

Also Admitted in Illinois and Colorado

EXHIBIT 4 p. 1

Ms. Constance Sorenson
Baystate Constables, Inc.
March 8, 2005
Page 2


$1,779.00.

Neither Constance Sorenson nor Baystate Constables, Inc. ("Baystate") was a Boston constable on the relevant date. As such you had no authority to seize Ms. Edge's vehicle. Even if either of you were a Boston constable, the most a real constable could have charged Ms. Edge for the seizure of her vehicle is $10.00, based on your recovery of $100.00 toward the debt. Nor could a real constable charge more than $50.00 for storage of the vehicle. Since there was no return of the execution, a real constable would not be entitled to anything for travel. Again, even these fees would only be available to you if you indeed were a constable for the City of Boston, which you are not. In addition, neither Constance Sorenson nor Baystate was licensed with the Division of Banks as either a collection agency or debt collector as required by M.G.L. ch. 93 § 24.

Moreover, you failed to make any determination as to whether Ms. Edge's vehicle was even susceptible to seizure and sale. In January 2004, my client's 2003 Dodge Caravan was worth only approximately $13,675 and she still owed $26,072.77 on it. As she had no equity in the vehicle at that time, it was, thus, not susceptible to seizure and sale due to Massachusetts state exemption laws. Moreover, since there was a lienholder whose lien far exceeded the value of the vehicle at the time you seized it, you could not have sold my client's vehicle for payment of the judgment, the sole legal and legitimate purpose of seizing property pursuant to an execution. As such, you could not have ever intended to sell it for payment of the judgment and your seizure appears to have been for the purpose of using the execution as an instrument of persuasion rather than as a means of satisfaction, i.e. for extorting money from Ms. Edge for her vehicle's return.

These above-described actions and conduct have violated Massachusetts law. These violations include but are not limited to:

1. False and misleading representations that you are vouched for, bonded by, or affiliated with, and/or are an official of the state or local government, in violation of 209 C.M.R. 18.18(3) and 940 CMR 7.07(3);

2. False and misleading representations as to the amount of the debt, in violation of 209 CMR 18.18(2) and 940 CMR 7.07(2);

3. Attempting to collect an amount not expressly authorized by agreement or permitted by law, in violation of M.G.L. ch. 93 § 49 and ch. 93A § 2;

4. Falsely representing that the judgment debt could be increased by the addition of fees that could not be legally added, in violation of 209 CMR 18.18(6) and 940 CMR 7.07(6);

5. Collecting and attempting to collect an amount not expressly authorized by the agreement authorizing the debt, in violation of 209 C.M.R. 18.18(9);

**EXHIBIT 4 p. 2**

Ms. Constance Sorenson
Baystate Constables, Inc.
March 8, 2005
Page 3


6.      Collecting and attempting to collect an amount that you are not expressly authorized in writing by the creditor to collect, in violation of 209 C.M.R. 18.18(9);

7.      Representing or implying that nonpayment will result in the sale of my client's vehicle when such action was unlawful, in violation of M.G.L. ch 93 § 49 and M.G.L. ch. 93A § 2;

8.      Threatening to take action that cannot legally be taken, in violation of M.G.L. ch 93 § 49 and M.G.L. ch. 93A § 2;

9.      Using or distributing a written communication which creates a false impression as to its source, authorization or approval, in violation of M.G.L. ch 93 § 49 and M.G.L. ch. 93A § 2;

10.     Using a written communication which is falsely represented to be a document authorized, issued, or approved by any court or official of the Commonwealth of Massachusetts, the City of Boston or the Town of Burlington or which creates a false impression as to its source, authorization, or approval, in violation of 209 CMR 18.18(5)and 940 CMR 7.07(5);

11.     Operating in a manner and under a name which implies that you are associated with the Massachusetts or a municipal government, in violation of 209 C.M.R. 18.07;

12.     False and misleading representations and implications that you are entitled to collect debts in the Commonwealth of Massachusetts, in violation of, M.G.L. ch. 93 § 24 and 209 CMR 18.04;

13.     Collecting a debt from my client in Massachusetts without first obtaining a valid license to do so, in violation of 209 C.M.R. 18.04;

14.     Failing to send my client the "Notice of Important Rights" regarding telephone calls at my client's place of employment, as required by 209 C.M.R. 18.15(1)(i) and 940 CMR 7.04(1)(i); and

15.     Collecting or attempting to collect a debt from my client in an unfair, deceptive or unreasonable manner, in violation of M.G.L. ch. 93 § 49.

In addition to the debt collection violations already cited and by the actions described above, you have also violated M.G.L. ch. 93A § 2. *See,* M.G.L. ch. 93 § 49 and 940 C.M.R. 3.16 (1), (3) and (4).

As a result of your unfair and deceptive collection methods, my client was forced to borrow money from a relative to pay you and the towing company for the return of her vehicle. She had to borrow a car to drive from Boston to Burlington to pay you to release the vehicle. You illegally charged her $800.00 for your "services" and the towing company charged Ms. Edge another $115.00. My client was deprived of her vehicle for the day after you took it and missed a day of work as a result. When she first discovered that her vehicle was gone, she thought that it had been stolen. Ms. Edge was severely distressed by your unfair, deceptive and illegal conduct which also caused her great inconvenience, embarrassment, aggravation and frustration.

EXHIBIT 4 p. 3

Ms. Constance Sorenson
Baystate Constables, Inc.
March 8, 2005
Page 4

Consequently, you are liable for the intentional infliction of emotional distress under state law. The intentional infliction of emotional distress is also a violation of M.G.L. ch. 93A. As with other intentional violations of M.G.L. 93A, the statute provides for treble damages for the tort. *See Haddad v. Gonzales*, 410 Mass 855, 872; 576 N.E.2d 658, 668 (Mass. 1991) (Supreme Judicial Court upheld an award for over $61,000 dollars for emotional distress resulting from landlord's breach of the implied warranty of habitability and corresponding violations of M.G.L. ch. 93A).

M.G.L. ch. 93A provides that in the case of any successful action to enforce a violation of the Act, a prevailing consumer may recover all reasonable attorney's fees and costs as determined by the Court. Accordingly, my client would be entitled to actual damages in an amount of at least $5,000.00 for your violations of the state law. My client would immediately settle her claims under M.G.L. ch. 93A for $3,500.00 plus an agreement on your part to cease and desist illegally seizing and detaining the vehicles of others. I hereby make demand upon you for that amount and for such an agreement to cease and desist.

M.G.L. ch. 93A §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of the mailing of this letter. Should my client be forced to pursue litigation in this matter, my client may recover up to three times her actual damages plus attorney's fees and costs.

In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind ch. 93A's settlement encouraging directive.

Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of ch. 93A. Multiple damages are "the appropriate punishment" for forcing plaintiffs to litigate clearly valid claims. *International Fidelity Ins. Co. v. Wilson*, 443 NE 2d 1308, 1318 (1983).

I look forward to hearing from you or your attorney so that we may work toward a prompt and equitable settlement of this matter.

Sincerely,

Yvonne W. Rosmarin

EXHIBIT 4 p. 4